[Cite as *Fed. Natl. Mtge. Assn. v. Andolsek*, 2019-Ohio-271.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO


| | | |
|---|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION ("FANNIE MAE"), A CORPORATION ORGANIZED AND EXISTING UNDER THE LAWS OF THE UNITED STATES OF AMERICA, | : : : | **MEMORANDUM OPINION**  **CASE NO.  2018-L-081** |
| Plaintiff-Appellee, | : | |
| - vs - | : | |
| YOLANDA ANDOLSEK, et al., | : | |
| Defendants-Appellants. | : | |


Civil Appeal from the Lake County Court of Common Pleas, Case No. 2015 CF 000892.

Judgment: Appeal dismissed.


*Dean K. Hegyes, Michael L. Wiery* and *Katherine D. Carpenter,* Reimer Law Co., 30455 Solon Road, Solon, OH  44139 (For Plaintiff-Appellee).

*David N. Patterson,* P.O. Box 1423, Willoughby, OH  44096 (For Defendants-Appellants).


CYNTHIA WESTCOTT RICE, J.

{¶1}   On June 19, 2018, appellants, Yolanda Andolsek, Moya Andolsek, and Branka Andolsek, filed a notice of appeal from the June 8, 2018 entry of the Lake County Court of Common Pleas denying their motion to stay execution of judgment pending modification and settlement negotiations.  Appellants have failed to comply with

numerous appellate and local rules; importantly they have presented no assignment of error or argument to support the matter appealed. Accordingly, the appeal is dismissed.

{¶2} Initially, we note this is not appellants' first appeal filed in this court regarding their father's estate and ancillary matters. Two previous appeals, Case Nos. 2017-L-011 and 2017-L-151, were dismissed for lack of final appealable order. In a third appeal, Case No. 2017-L-108, we noted appellants' brief contained serious violations of App.R. 16(A)(6) but allowed the case to be heard and ultimately affirmed the trial court in that matter. However, serious violations of numerous appellate and local rules warrant dismissal of the instant appeal.

{¶3} The underlying controversy stems from a foreclosure proceeding initiated by appellee, Federal National Mortgage Association ("Fannie Mae"), against the three named appellants regarding a house owned by their father at his death. In an attempt to prevent sale of the house, appellants filed various motions with the trial court, both pro se and through counsel, and unsuccessfully attempted mediation with Fannie Mae. Near the end of the underlying proceeding, on June 7, 2018, appellants filed a motion, pro se, for automatic stay of proceedings based on a purported bankruptcy of one appellant. On June 8, 2018, appellants, through counsel, filed a motion to stay execution of judgment pending modification and settlement negotiations. The trial court denied the latter motion to stay execution of judgment pending modification and settlement negotiations the same day. Two days later, on June 11, 2018, the subject property sold at a Sherriff's sale.

{¶4} On June 19, 2018, appellants, pro se, filed a notice of appeal from the June 8, 2018 entry of the Lake County Court of Common Pleas denying the motion to

2

stay execution of judgment pending modification and settlement negotiations. Before appellants filed their brief, appellee filed a motion to dismiss for lack of final appealable order. This court denied the motion, stating: ""[w]hile an order denying stay of proceedings may not be appealable before a final order has been issued, we find no reason why appellants cannot appeal the denial of their motion to stay execution of a final judgment. An appeal on that issue may be narrow or limited, but there is not a jurisdictional defect." However, appellants' subsequently filed brief has failed to assign error or offer argument on this narrow issue, among other serious violations of the appellate and local rules.

{¶5} Appellants requested two extensions of time to file their brief. We granted both: the first through September 9, 2018 and the second through October 1, 2018. In granting the latter, we expressly stated no further extensions would be granted. Appellants then filed their brief on October 9, 2018, eight days past the extended deadline. App.R.18(C) states, "[i]f an appellant fails to file the appellant's brief within the time provided by this rule, or within the time as extended, the court may dismiss the appeal." Thus, this failure alone permits dismissal of the appeal.

{¶6} In addition, however, we also note appellants' failure to comply with App.R. 16(A)(1)-(6), as appellants' brief does not contain a table of contents, a table of cases, an assignment of error on the matter appealed, a statement of the issues presented for review, a statement of the cases, or a relevant statement of the facts. This court's local rules warn appellants "failure to comply with [these rules] may result in * * * the dismissal of the appeal, without prior notice * * *." Loc.R. 16(E).

3

**{¶7}** Appellants are also required to present "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." App.R. 16(A)(7). Importantly, appellants have exclusively argued that appellee has violated the automatic stay. However, matters relating to an automatic stay are not before us for review; appellants have specifically appealed the denial of the June 8, 2018 motion to stay execution of judgment pending modification and settlement negotiations.

**{¶8}** Loc.R. 103 provides that "[f]ailure to timely file a brief with assignments of error and issues presented for review; [or] [a]ny other non-compliance with the appellate rules or the rules of this court" constitute "good cause" for dismissal. Loc.R. 103(E),(F).

**{¶9}** As appellants' brief is in serious violation of numerous appellate and local rules and has presented no challenge to the denied motion to stay execution of judgment pending modification and settlement negotiations, the appeal is dismissed.


THOMAS R. WRIGHT, P.J.,

TIMOTHY P. CANNON, J.,

concurs.

4